# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHNSON, | Case No. EDCV 12-2223-DOC (JEM) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| JONATHAN MCCLINTOCK, et al., | |
| Defendants. | |

On December 21, 2012, Larry Johnson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983.

On February 19, 2013, the Court issued an Order Dismissing Complaint With Leave to Amend.

On April 18, 2013, Plaintiff filed a First Amended Complaint ("FAC").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.   A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a

claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  Id.  Only if it is clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff names four City of Rialto Police Department Officers as Defendants in their individual capacities:  Jonathan McClintock, Andre Shourds, K. Balleweg, and C. Compton. (FAC at 3-4.)  Plaintiff also names the Rialto Police Department as a Defendant in the caption of the FAC.  (FAC at 1.)

Plaintiff alleges that Defendants conducted an illegal search and seizure of Plaintiff and his vehicle on December 17, 2012.  (FAC at 3-5.)  He states that Defendants pulled Plaintiff over for various California Vehicle Code violations, including a non-functioning taillight, lack of a front license plate, and a cracked windshield.  (FAC at 5.)  After the initial stop, Defendants stated they smelled marijuana emitting from the interior of the vehicle, which prompted them to search it.  (Id.)  Plaintiff does not state what, if anything, was seized from the vehicle and what, if any, charges resulted from the evidence seized.  (Id.)

Plaintiff complains that the search and seizure of his vehicle violated the Fourth Amendment.  Specifically, Plaintiff asserts that the search and seizure were unlawful because he was stopped only for Vehicle Code violations, but that he never received any traffic citations based on those violations.  (FAC at 1A.)

Plaintiff indicates that he has been incarcerated for eleven months as a result of the incident at issue, and he seeks damages and "to be released from custody and or dismissal of said charges based on my civil rights 4th and 14th Amendments rights being violated . . . ." (FAC at 6.)  Plaintiff states that his "criminal proceedings are still pending," and that he

1 "took a plea bargain agreement for (4) years in state prison at eighty percent.  Sentence on
2 May 7th 2013 . . . ."  (FAC at 1A.)[1]

3 **DISCUSSION**

4    The Court, having reviewed the FAC pursuant to the standards set forth above, has
5 determined that Plaintiff's claims do not withstand screening for the following reasons:

6 **I.    Plaintiff's Claims Appear to Be Barred by <u>Heck v. Humphrey</u>**

7    The Court previously dismissed the Complaint with leave to amend because
8 Plaintiff's claims appeared to barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>,
9 the Supreme Court held that if a judgment in favor of a plaintiff on his civil rights claim
10 necessarily will imply the invalidity of his conviction or sentence, the claim must be
11 dismissed unless the plaintiff can demonstrate that the conviction or sentence already has
12 been invalidated.  <u>Id.</u> at 486-87; <u>see</u> <u>also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997)
13 (clarifying that the <u>Heck</u> rule applies regardless of the form of remedy sought); <u>Guerrero v.</u>
14 <u>Gates</u>, 442 F.3d 697, 703 (9th Cir. 2006) (<u>Heck</u> barred plaintiff's civil rights claims alleging
15 wrongful arrest, malicious prosecution and conspiracy among police officers to bring false
16 charges against him); <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380 (9th Cir. 1998)
17 (<u>Heck</u> barred plaintiff's civil rights claims for false arrest and false imprisonment until
18 conviction was invalidated); <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (<u>Heck</u>
19 barred plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest
20 him and brought unfounded criminal charges against him).  The <u>Heck</u> rule also prevents a
21 person from bringing a claim that, even if it does not directly challenge the conviction, would
22 imply that the conviction was invalid.  Thus, the <u>Heck</u> rule applies to Fourth Amendment
23 claims based on allegations of unlawful search and seizure of property.  <u>See</u> <u>Whitaker v.</u>
24 <u>Garcetti</u>, 486 F.3d 572, 583-84 (9th Cir. 2007) (<u>Heck</u> bars a plaintiff's claims challenging the
25 search and seizure of evidence upon which his criminal charges and convictions were
26 based); <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1015 (9th Cir. 2000) (same).

27 

28    [1]  Plaintiff has included two pages following the caption page of the FAC, which the Court refers to as pages 1A and 1B.)

4

Here, Plaintiff has attempted to address the Court's prior order by informing the Court that his sentencing on criminal charges is imminent and that he is not challenging his conviction.  Plaintiff's arguments are misguided. The issue is whether the current charges, to which Plaintiff apparently has pled guilty and is expecting a four-year sentence, are related to evidence seized during the vehicle search and seizure that Plaintiff alleges in this case were unconstitutional.  If a ruling in this case that the vehicle search and seizure on December 17, 2012, were unconstitutional would necessarily imply the invalidity of the resulting criminal charges, Plaintiff's claims would be barred by Heck.

## II. Plaintiff Has Failed to State an Eighth Amendment Claim

Plaintiff's Fourth Amendment claim appears to be based on the fact that he was initially stopped for Vehicle Code violations, but he was never cited for any such violations. (FAC at 1A.)  Plaintiff states that after the vehicle was stopped, Defendants smelled marijuana coming from the vehicle, and subsequently searched it.  (FAC at 5.)  Plaintiff argues that officers lacked probable cause to search the vehicle and that the search was unreasonable because the search was not "reasonably related to the circumstances that initially justified the stop." (FAC at 5.)  Plaintiff's arguments are misguided, and the facts alleged do not demonstrate a Fourth Amendment violation.

### A. Initial Detention

Traffic stops are investigatory stops, which require only a showing of reasonable suspicion, i.e., whether under the totality of the circumstances, the law enforcement officer had a reasonable suspicion that a traffic law violation occurred.  Whren v. United States, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe a traffic violation has occurred."); see also Berkemer v. McCarty, 468 U.S. 420, 439 (1984) ("the usual traffic stop is more analogous to a so called 'Terry' stop' than to a formal arrest"; holding that a traffic stop requires reasonable suspicion (internal citation omitted)); United States v. Lopez-Soto, 205 F.3d 1101, 1104-05 (9th Cir. 2000) ("the Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops"; holding that "the Court in Whren [did

not] intend[] to change this settled rule").  "Reasonable suspicion requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct."  United States v. Thomas, 211 F.3d 1186, 1189 (9th Cir. 2000) (internal quotations omitted).  Reasonable suspicion is less than probable cause, but "more than an 'inchoate and unparticularized suspicion or "hunch."'"  United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)).

Here, the allegations in the FAC, taken as true, demonstrate that Defendants had reasonable suspicion that a Vehicle Code violation had occurred, which justified the initial stop.[2]  The subjective motivations of the officers is irrelevant.  See Whren, 517 U.S. at 813 (constitutional reasonableness of traffic stop does not depend on the actual motivations of the individual officer involved); see also Devenpeck v. Alford, 543 U.S. 146, 153 (2004) (arresting officer's state of mind is irrelevant, except for the facts he knows); United States v. Willis, 431 F.3d 709, 714-15 (9th Cir. 2005) (same).  Thus, it appears that the initial detention was lawful based on the facts alleged.

**B.    Vehicle Search and Seizure**

Plaintiff also alleges that the search of the vehicle was unlawful.  A warrantless "search is per se illegal unless it falls within an exception to the [F]ourth [A]mendment's warrant requirement."  United States v. Ojeda, 276 F.3d 486, 488 (9th Cir. 2002) (citing Katz v. United States, 389 U.S. 347, 357 (1967)); see also Minnesota v. Dickerson, 508 U.S. 366, 372 (1993) (warrantless searches are per se unreasonable "subject only to a few specifically established and well delineated exceptions.").  One such exception is that a warrantless search may be conducted of a lawfully stopped vehicle if there is probable cause to believe it contains contraband.  United States v. Ross, 456 U.S. 798, 799, 825 (1982); California v. Carney, 471 U.S. 386, 394–95 (1985).

---

[2]  The Court assumes for purposes of screening that Plaintiff did not consent to the search, and the initial stop constituted a seizure within the meaning of the Fourth Amendment.

Here, after Defendants effected a lawful vehicle stop, they smelled marijuana coming from Plaintiff's car.  Thus, the facts alleged demonstrate that Defendants had independent probable cause to believe that the vehicle contained contraband, and the vehicle search did not violate the Fourth Amendment.  See United States v. Laird, 511 F.2d 1039, 1040 (9th Cir. 1975) (if the police make a lawful stop of a motorist for a traffic violation committed in their presence, the smell of marijuana emanating from the vehicle would provide probable cause to conduct a warrantless search of the car).[3]

Based on the facts alleged, Plaintiff has failed to state a viable Fourth Amendment claim.[4]

**III.    Plaintiff Has Failed to State a <u>Monell</u> Claim Against the Rialto Police Department**

Plaintiff now has named the Rialto Police Department (the "Department") in the caption of the FAC.  A local government entity such as the Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 694 (1978).  The Department cannot be held liable for the alleged actions of its officers unless "the action that is alleged to be unconstitutional

---

[3]  Because there appears to have been independent probable cause to search the vehicle, arguments regarding the search incident to an arrest exception to the warrant requirement, as set forth in Arizona v. Gant, 556 U.S. 332, 343 (2009), would not appear to be relevant.

[4]  To the extent that Plaintiff also is attempting to state a Fourth Amendment claim based on the impoundment of the vehicle, he has not alleged sufficient facts to support such a claim.  The impoundment of an automobile is a seizure under the Fourth Amendment.  Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005).  "An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location. . . . The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation."  Id. at 865 (internal citations omitted).  The facts alleged do not show the circumstances of the vehicle impoundment, such as whether Plaintiff was arrested at the scene and on what charges or whether the vehicle could be operated lawfully.

1   implements or executes a policy statement, ordinance, regulation, or decision officially

2   adopted or promulgated by that body's officers," or if the alleged constitutional deprivation

3   was "visited pursuant to a governmental 'custom' even though such a custom has not

4   received formal approval through the body's official decision-making channels." Monell, 436

5   U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir.

6   1991).

7          Here, Plaintiff never identifies any policy statements, regulations, officially adopted or

8   promulgated decisions, customs, or practices by which any agent of the Department

9   allegedly inflicted the injuries about which Plaintiff is complaining.  The Court, therefore,

10  finds that the allegations of the FAC are insufficient to state a Monell claim against the

11  Department.

12                                            * * * * * * * * *

13         Plaintiff has failed to state a viable constitutional claim.  However, because it is not

14  clear that amendment would be futile, the Court will afford Plaintiff a final opportunity to

15  amend his pleadings.  Accordingly, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

16         If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended

17  Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies

18  discussed above.  The Second Amended Complaint should: (1) bear the docket number

19  assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be filled out exactly

20  in accordance with the directions on the form; and (4) be complete in and of itself without

21  reference to the previous complaints or any other pleading, attachment or document.  The

22  Clerk is directed to provide Plaintiff with a blank Central District of California civil rights

23  complaint form, which Plaintiff must fill out completely and resubmit.

24  ///

25  ///

26  ///

27  ///

28

1    **Plaintiff is admonished that, if he fails to file a Second Amended Complaint by**

2  **the deadline set herein, the Court will recommend that this action be dismissed on**

3  **the grounds set forth above for failure to prosecute and for failure to comply with a**

4  **Court order.**

5

6  DATED: <u>May 8, 2013</u>                                    <u>            /s/ John E. McDermott            </u>
                                                                        JOHN E. MCDERMOTT
7                                                                  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28